598 A.2d 1361

Shelly FRIEDMAN, Petitioner,

v.

Christopher A. LEWIS, Secretary of the Commonwealth of Pennsylvania, the Honorable Paul Lutty and the Honorable Robert Gallo, individually and in their capacities as Judges of Allegheny County Court of Common Pleas, Respondents.

Commonwealth Court of Pennsylvania.

Argued May 1, 1991.

Decided Nov. 6, 1991.

David J. Millstein, for petitioner.

Gloria A. Tischuk, for respondent Christopher A. Lewis.

Steven J. Zivic, for respondent Judges.

Before CRAIG, President Judge, and COLINS, PALLADINO, McGINLEY and PELLEGRINI, JJ.

COLINS, Judge.

Christopher A. Lewis, Secretary of the Commonwealth (Lewis), has filed preliminary objections to the complaint for declaratory judgment filed by Shelly Friedman (Petitioner). Lewis' first preliminary objection, in the nature of a demurrer, alleges that the complaint fails to state a claim upon which relief can be granted. Lewis' second preliminary objection alleges that the complaint should be stricken as contrary to the Pennsylvania Election Code (Code).[1]

Petitioner's complaint alleges that in 1989, two sitting members of the Court of Common Pleas of Allegheny County, whose terms were due to expire in January, 1990, and who had previously filed for retention, withdrew from the retention election. Petitioner alleges that the withdrawals created two vacancies which were improperly filled. According to Petitioner, the vacancies should have been filled by gubernatorial appointment in accordance with the provisions of Article V, Section 13(b) of the Pennsylvania Constitution (Constitution), but, instead, the vacancies were filled pursuant to Section 979 of the Code, 25 P.S. § 2939. That section provides:

> Any vacancy happening or existing after the date of the primary in any party nomination, by reason of the death or withdrawal of any candidate after nomination, or by reason of the death before or on the day of the primary election of a candidate for nomination who had received a plurality of votes of his party electors cast for the office for which he sought nomination, may be filled by a substituted nomination made by such committee as is

1. Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§ 2601–3591.

authorized by the rules of the party to make nominations in the event of vacancies on the party ticket....

Thus, according to Petitioner, the Honorable Paul Lutty (Lutty) and the Honorable Robert Gallo (Gallo), who were nominated by the Democratic party[2] and who were elected, were improperly commissioned as judges. Petitioner alleges that Lutty and Gallo sit on the Court of Common Pleas of Allegheny County in violation of the Constitution.

Petitioner's complaint requests that this Court declare that Lutty and Gallo hold their offices in violation of the Constitution and that their judicial commissions have no force and effect, thereby requiring their removal as judges. Petitioner also requests that this Court declare that the judicial seats held by Lutty and Gallo are vacant and that the vacancies should be filled in the next properly available municipal election. Finally, Petitioner seeks a declaration that when vacancies are created by the withdrawal of retention election candidates, those vacancies are to be filled by gubernatorial appointment.

Lewis' first preliminary objection, in the nature of a demurrer, asserts that Petitioner has failed to state a claim upon which relief can be granted, because her allegations are not supported by the sections of the Constitution and of the Code which she invokes.

"Preliminary objections in the nature of a demurrer admit all well-pleaded facts in the pleading attacked as well as all reasonable inferences deducible therefrom and cannot be sustained unless it is clear on the face of the pleading that the law will not permit the recovery sought, resolving all doubts in favor of overruling the demurrer." *Township of*

2. The federal constitutional validity of the process by which political parties choose the candidates for a senatorial vacancy was recently reaffirmed in *Trinsey v. Department of State, Board of Elections,* 941 F.2d 224 (3d Cir.1991), *stay denied,* —— U.S. ——, 112 S.Ct. 291, —— L.Ed.2d —— (1991), wherein Trinsey challenged the constitutionality of Section 626 of the Code, 25 P.S. § 2776, permitting the Democratic and Republican parties to choose the candidates for a special election necessitated by the death of incumbent Senator John Heinz.

*South Fayette v. Bloom,* 73 Pa.Commonwealth Ct. 495, 506 n. 7, 459 A.2d 41, 46 n. 7 (1983).

■ Lewis argues that Petitioner erroneously concludes that Article V, Section 13(b) of the Constitution was violated and asserts that she ignores the plain meaning of that section and its express references to Article V, Section 15 of the Constitution. According to Lewis, Petitioner ignores the rules of constitutional construction in the way she interprets the word "vacancy" as used in Section 13(b). Additionally, argues Lewis, Petitioner fails to read all subsections of Section 13 together, which results in her erroneous interpretation. The pertinent sections of the Constitution are as follows:

§ 13. Election of justices, judges and justices of the peace; vacancies.

(a) Justices, judges and justices of the peace shall be elected at the municipal election next preceding the commencement of their respective terms of office by the electors of the Commonwealth or the respective districts in which they are to serve.

(b) A vacancy in the office of justice, judge or justice of the peace shall be filled by appointment by the Governor....

(c) The provisions of Section 13(b) shall not apply either in the case of a vacancy to be filled by retention election as provided in section 15(b), or in the case of a vacancy created by failure of a justice or judge to file a declaration for retention election as provided in section 15(b). In the case of a vacancy occurring at the expiration of an appointive term under section 13(b), the vacancy shall be filled by election as provided in section 13(a).

* * * * * *

§ 15. Tenure of justices, judges and justices of the peace.

(a) The regular term of office of justices and judges shall be ten years....

(b) A justice or judge elected under section 13(a), appointed under section 13(d) or retained under this section 15(b) may file a declaration of candidacy for retention election with the officer of the Commonwealth who under law shall have supervision over elections on or before the first Monday of January of the year preceding the year in which his term of office expires. If no declaration is filed, a vacancy shall exist upon the expiration of the term of office of such justice or judge, to be filled by election under section 13(a)....

We agree with Lewis that Petitioner misinterprets the applicable provisions of the Constitution. "Where in the Constitution 'the words are plain ... [they] must be given their common or popular meaning, for in that sense, the voters are assumed to have understood them when they adopted the constitution. *Busser v. Snyder*, 282 Pa. 440, 449, 128 A. 80.'" *Breslow v. Baldwin Township School District*, 408 Pa. 121, 125, 182 A.2d 501, 504 (1962). We also agree with Lewis that the plain meaning of the word "vacancy" is "[a] place or position which is empty, unfilled, or unoccupied." Black's Law Dictionary 1388 (5th ed. 1982). Attributing to "vacancy" its plain meaning, we find that Section 13(b) of the Constitution does not apply to the present matter. Moreover, Section 13(c) clearly provides that Section 13(b) shall not apply in the case of a vacancy to be filled by retention election as provided in Section 15(b). Additionally, Section 15(b) clearly states that when no declaration of candidacy for retention election is filed, the vacancy exists at the expiration of that judge's term of office and is to be filled by election pursuant to Section 13(a).[3] Although the Constitution does not provide for the situation where a judge files a declaration of candidacy for retention election and then later withdraws it, such a situation is analogous to the situation where a judge never files such a

---

**3.** The Pennsylvania Supreme Court has held that "[t]he appointment procedure of section 13(b) is a stopgap to fill seats that *unexpectedly* fall vacant." *Barbieri v. Shapp*, 476 Pa. 513, 520, 383 A.2d 218, 222 (1978) (emphasis added). A vacancy which will exist at the expiration of a term of office has not unexpectedly fallen vacant.

declaration. We hold that in either case, the vacancy exists upon the expiration of the judge's term of office and is to be filled by election pursuant to Section 13(a).

Our holding furthers the "overall constitutional plan providing for an elected judiciary." *Barbieri v. Shapp*, 476 Pa. 513, 523, 383 A.2d 218, 223 (1978). The Pennsylvania Supreme Court has repeatedly affirmed that Article V, Section 13 of the Constitution represents a strong public policy favoring an elected judiciary. "Thus, whenever possible, election is the constitutionally prescribed method for filling judgeships in Pennsylvania." *Id.*, 476 Pa. at 520, 383 A.2d at 222.

■ We also agree with Lewis that Petitioner has failed to consider the applicable provisions of the Code. She alleges, in her complaint, that Section 979 of the Code, 25 P.S. § 2939, was improperly invoked by Lewis. That section addresses a vacancy in a party nomination after the date of the primary. It provides that if such a vacancy occurs because of a death or the withdrawal of a candidate after nomination, a nomination may be substituted by the applicable political party. Clearly that is not the situation in the present matter.

We further agree with Lewis that Section 978.3 of the Code is properly applied to the present facts. That section states:

> In the event a justice or a judge had filed a declaration of candidacy for retention under the provisions of section 15 of the Constitution of the Commonwealth of Pennsylvania and thereafter, but after the thirteenth Tuesday preceding the primary election and prior to sixty (60) days preceding the municipal election revoked the declaration by notifying the Secretary of the Commonwealth in writing of the same, nomination to fill such vacancy shall be made in accordance with Section 993 of this Act.

25 P.S. § 2938.3. It is alleged and admitted in the pleadings of the present matter that the two declarations of candidacy at issue were withdrawn after the last day for filing nomi-

nating petitions but before the municipal election in November, 1989. The pleadings also reveal that Lutty and Gallo were certified for election prior to September 5, 1989, that is, on a date prior to sixty days preceding the municipal election.

Pursuant to Section 978.3 of the Code, quoted above, nominations to fill a vacancy that will be created by the revocation of a declaration of candidacy shall be according to Section 993(a) of the Code. That section provides:

> In all cases where a vacancy shall occur for any cause in an elective public office, including that of judge of a court of record, at a time when such vacancy is required by the provisions of the Constitution or the laws of this Commonwealth to be filled at the ensuing election but at a time when nominations for such office cannot be made under any other provision of this act, nominations to fill such vacancies shall be made by political parties in accordance with party rules relating to the filling of vacancies by means of nomination certificates in the form prescribed in section nine hundred ninety-four of this act....

29 P.S. § 2953(a). Lewis properly invoked Section 993 of the Code in filling the two vacancies which were to occur at the expiration of the terms of the two judges who withdrew their declarations of candidacy.

For the reasons set forth above, Petitioner's complaint for declaratory judgment does not state a claim upon which relief can be granted. Therefore, we sustain Lewis' first preliminary objection and dismiss Petitioner's complaint.

Having determined this matter by resolution of the first preliminary objection, we will not address Lewis' second preliminary objection, which alleges that the complaint should be stricken for failure to conform to the Code. Accordingly, the following order will be entered.

KELLEY and BYER, JJ., did not participate in this decision.

## ORDER

AND NOW, this 6th day of November, 1991, the preliminary objection in the nature of a demurrer is sustained, and the complaint is dismissed.